IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 2:25-cv-03929 |
| JAMES P. RADWANSKI; DEBORAH S. RADWANSKI; RADWANSKI ENTERPRISES, LLC; PERROTTO BUILDERS, LTD.; SAMUEL PERROTTO & CO., INC.; and DEBORAH, LLC, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## AMENDED COMPLAINT

Plaintiff Travelers Casualty and Surety Company of America ("Plaintiff" or "Travelers"), by and through its undersigned counsel, hereby asserts this Amended Complaint against Defendants James P. Radwanski; Deborah S. Radwanski; Radwanski Enterprises, LLC; Perrotto Builders, Ltd.; Samual Perrotto & Go., Inc.; and Deborah, LLC. (collectively, "Indemnitors")

## THE PARTIES

1.      Plaintiff Travelers is a Connecticut corporation registered to do business in Pennsylvania with its principal place of business at One Tower Square, Hartford, CT, 06183-6014.

2.      Upon information and belief, James P. Radwanski is an individual residing at 5071 Cherrywood Drive, Mohnton, PA 19540.

3.      Upon information and belief, Deborah S. Radwanski is an individual residing at 5071 Cherrywood Drive, Mohnton, PA 19540.

4.      Upon information and belief, Radwanski Enterprises, LLC is a Pennsylvania corporation with its principal place of business at 426 Warren Street, Reading, PA 19601.

5.      Upon information and belief, Perrotto Builders, Ltd. is a Pennsylvania corporation with its principal place of business at 426 Warren Street, Reading, PA 19601.

6.      Upon information and belief, Samuel Perrotto & Co., Inc. is a Pennsylvania corporation with its principal place of business at 1215 North 11th Street, Reading, PA 19612.

7.      Upon information and belief, Deborah, LLC is a Pennsylvania limited liability company no members of which are citizens of Connecticut.

8.      James P. Radwanski and Deborah S. Radwanski are referred to herein as "Personal Indemnitors."

9.      Radwanski Enterprises, LLC; Perrotto Builders, Ltd..; Samuel Perrotto & Co., Inc.; and Deborah, LLC are referred to herein as "Corporate Indemnitors."

## **JURISDICTION AND VENUE**

10.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that Plaintiff is incorporated in Connecticut with a principal place of business in Connecticut, and all Defendants are citizens/corporate entities of states other than Connecticut and the amount in controversy exceeds $75,000 exclusive of all interests and costs.

11.     Each Indemnitor specifically agreed that it "irrevocably and unconditionally submits to the exclusive jurisdiction, at the sole and exclusive option of Company, of the courts in any state in which any Indemnitor resides, has property, or in which any Contract is performed. Indemnitors hereby irrevocably and unconditionally submit to the jurisdiction of said courts." General Agreement of Indemnity ("GAI"), Exhibit A, at ¶ 14.

2

8457102v.3

12. The projects at issue are all located in Pennsylvania and all Indemnitors are residents and/or citizens of Pennsylvania.

13. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or admissions giving rise to this action occurred in the Eastern District of Pennsylvania.

## FACTS COMMON TO ALL COUNTS

14. Over the years, Travelers has issued numerous performance and payment bonds with Defendant Perrotto Builders, Ltd. ("Perrotto") as principal (the "Bonds").

15. As an inducement to issue bonds, Indemnitors signed a General Agreement of Indemnity (the "GAI"), dated May 24, 2007. See Exhibit A.

16. Personal Indemnitors terminated their participation in the "GAI" effective October 3, 2015.

17. However, Personal Indemnitors remain liable under the GAI for (1) all Bonds executed prior to October 3, 2015, and (2) any Bonds executed after October 3, 2015: (a) relating to any Bid Bond executed by Travelers prior to October 3, 2015; or (b) which Travelers became committed to execute or procure prior to October 3, 2015; or (c) in connection with any maintenance, guarantee, claim, lien, litigation, or other matter involving or relating to any Bond executed prior to October 3, 2015 or thereafter executed or procured as provided in subparagraphs (a) or (b) above. See Exhibit A, at ¶ 13.

18. The GAI requires Indemnitors to indemnify Travelers from all losses of whatsoever kind and nature. Paragraph 3 of the GAI provides in pertinent part:

> Indemnitors shall exonerate, indemnify and save Company harmless from and against all Loss. An itemized, sworn statement by an employee of Company, or other evidence of payment, shall be prima facie evidence of the propriety, amount

and existence of Indemnitors' liability. Amounts due to Company shall be payable upon demand.

19.     "Losses" are defined in Paragraph 1 of the GAI:

All loss and expense of any kind or nature, including attorneys' and other professional fees, which Company incurs in connection with any Bond or this Agreement, including, but not limited to all loss and expense incurred by reason of Company's: (a) making an investigation with any Bond; (b) prosecuting or defending any action in connection with any Bond; (c) obtaining the release of any Bond; (d) recovering or attempting to recover Property in connection with any Bond or this Agreement; (e) enforcing by litigation or otherwise any of the provisions of this Agreement; and (f) all interest accruing thereon at the maximum legal rate.

20.     The GAI also requires Indemnitors to deposit with Travelers collateral funds to protect Travelers against claims and potential losses. Paragraph 5 of the GAI provides in pertinent part:

Indemnitors agree to deposit with Company, upon demand, an amount as determined by Company sufficient to discharge any Loss or anticipated Loss. Indemnitors further agree to deposit with Company, upon demand, an amount equal to the value of any assets or Contract funds improperly diverted by any Indemnitor. Sums deposited with Company pursuant to this paragraph may be used by Company to pay such claim or be held by Company as collateral security against any Loss or unpaid premium on any Bond. Company shall have no duty to invest, or provide interest on, the deposit.

21.     Indemnitors acknowledge in the GAI that Travelers will suffer irreparable harm if this collateral is not posted.  Paragraph 5 of the GAI provides in pertinent part:

Indemnitors agree that Company would suffer irreparable damage and would not have an adequate remedy at law if Indemnitors fail to comply with the provisions of this paragraph.

22.     There are presently thirteen (13) open claims relating to the Bonds (the "Claims").

4

These are:

| Bond Claimant | Bond No. | Bond Date | Amount |
|---|---|---|---|
| CHM Contracting | 105660016 | 02/20/2013 | $65,435.02 |
| CHM Contracting | 106802089 | 03/07/2018 | $37,278.14 |
| CHM Contracting | 106802081 | 02/05/2018 | $17,800.00 |
| CHM Contracting | 106802087 | 03/13/2018 | $168,400.98 |
| CHM Contracting | 106917768 | 05/15/2018 | $141,522.00 |
| CHM Contracting | 106948095 | 07/26/2018 | $75,600.00 |
| CHM Contracting | 106802075 | 10/17/2017 | $233,169.00 |
| Telco, Inc. | 107481796 | 09/28/2021 | $57,560.00 |
| Colonial Electric | 107589115 | 02/18/2022 | $266,118.76 |
| Lafayette Welding | 106802075 | 10/17/2017 | $22,625.00 |
| Construction Services Int. | 107429103 | 04/29/2021 | $54,258.45 |
| Contract Hardware | 107429103 | 04/29/2021 | $38,994.42 |
| Contract Hardware | 107481796 | 06/10/2024 | $48,448.50 |
| **Total Amount** | | | **$1,227,210.27** |

23.     The current aggregate amount of these Claims is $1,227,210.27.

24.     Pursuant to the GAI, Indemnitors are required to deposit collateral funds to protect Travelers against these potential losses.

25.     Travelers has incurred, and continues to incur, costs, expenses, and legal fees arising out of or in connection with the resolution of certain bonds that it issued as surety for Perrotto as principal as follows:

(a)     Travelers made payment to claimant AKA The Fence Company in the amount of $46,000.00 to resolve a claim under payment bond no. 107449634.

(b)     Travelers made payment to claimant Barker & Barker Asphalt Paving in the amount $91,621.60 to resolve a claim under payment bond no. 107318765.

8457102v.3

(c)    Travelers incurred legal fees in the amount of $12,511.00 for services to evaluate and dispose of a claim of Laborers' Local Union 1174 Benefit Funds under payment bond no. 107318765.

(d)    Travelers incurred legal fees in the amount of $17,453.00 for services to facilitate the settlement of the claim brought by Bean, Inc.

(e)    Travelers has incurred legal fees to defend the Mesko Glass claim in the Pennsylvania Berks County Court of Common Pleas, Docket No. 24-13647.  The fees incurred as of March 13, 2026 totaled $21,563.00.

(f)    Travelers has incurred and will continue to incur legal fees to defend the CHM claims currently being prosecuted in the Pennsylvania Berks County Court of Common Pleas, Docket No. 20-14640.

(g)    Based on information just recently made known to Travelers (as set forth below), Travelers is likely to incur legal fees to defend the Telco claim currently being prosecuted in the Berks County Court of Common Pleas, Docket No. 24-17683.

(h)    Based on information just recently made known to Travelers (as set forth below), Travelers is likely to incur legal fees to defend the Colonial claim currently being prosecuted in the Berks County Court of Common Pleas, Docket No. 24-14980.

(i)    On or about March 12, 2026, Colonial filed a complaint to enforce its mechanic's lien in the Berks County Court of Common Pleas, Docket No. 24-02891. The owner of the property liened upon, MPG Albright Residences, LLC, has made a claim under the payment bond and Travelers may incur legal fees in connection with that matter.

(j)    On or about April 1, 2026, Construction Services International, Inc. filed an action against Perrotto and Travelers in the Berks County Court of Common Pleas, Docket No. 26-03390.

(k)    Travelers has incurred and will incur legal fees to prosecute this current indemnity action.

26.    Travelers' Loss on the five above resolved claims—AKA the Fence Company, Barker & Barker, Laborers, Bean, and Mesko Glass—totals $189,148.60.

27.    Additionally, Travelers continues to incur fees in the other outstanding claims. The amount for the outstanding claims will continue to grow over time as Travelers is forced to defend against those claims and any others.

28.    Perrotto's tender counsel has begun withdrawing from its representation of both Perrotto and Travelers in a number of the pending bond claims, requiring intervention by Travelers, which will cause further expenditures by Travelers.

29.    To date, despite repeated requests, replacement counsel has not been selected or identified.

30.    For example, in late January, Perrotto's counsel of record, the Cohen Seglias law firm, filed a motion to withdraw as counsel for Perrotto in the Mesko Glass case.

31.    The Mesko Glass withdrawal was being attempted via motion and **_not_** via a simple substitution of counsel, as a party would do if replacement counsel were lined up.

32.    Neither Perrotto nor Cohen Seglias informed Travelers of the request to withdraw before the motion was filed and neither Perrotto nor Cohen Seglias sent Travelers a copy of the motion.

8457102v.3

33.     Accordingly, Travelers did not learn of this request to withdraw in the Mesko Glass case until the court sent an automated notice on January 28, 2026.

34.     The Indemnitors did **_not_** advise Travelers that Perrotto's counsel had filed a withdrawal motion in the Mesko Glass case prior to the January 27, 2026 hearing in this matter relating to Travelers's motion for a preliminary injunction, even though that fact would have been relevant at the hearing.

35.     For further example, in late January, Perrotto's counsel, Cohen Seglias, who was also tender counsel for Travelers, filed a motion to withdraw in the CHM lawsuit.

36.     That CHM motion to withdraw was filed **_without_** any prior notice to Travelers, even though Cohen Seglias was also counsel of record for Travelers and had direct contact with Travelers.

37.     The CHM motion itself acknowledges that Travelers was given no prior notice of it, even though Cohen Seglias also represented Travelers.

38.     In fact, the certificate of service does **_not_** identify Travelers, even though Travelers is a named party to the case and is affected by the outcome of the motion.

39.     Significantly, Travelers learned of this request to withdraw only **_after_** the hearing before this Court on January 27, 2026.

40.     Travelers did not learn of this request to withdraw in the CHM lawsuit until February 11, 2026.

41.     That is, in part, because the CHM motion was **_not_** sent via email to the well know Travelers's client contact, Kyle Byard, who Perrotto's counsel was in contact with.  Instead, it was sent by ordinary mail to a Travelers office in Hartford, Connecticut.

8

8457102v.3

42.     The Indemnitors did **_not_** advise Travelers that counsel had filed a withdrawal motion in the CHM case prior to the January 27, 2026 hearing, even though that fact would have been relevant at the hearing.

43.     To the contrary, Indemnitors have been representing to this Court that a settlement of the CHM case was imminent.  These representations were made despite the pendency of a motion to withdraw filed on behalf of Perrotto's counsel.

44.     Because Perrotto refused to identify replacement counsel in the CHM case, Travelers had to engage its own separate counsel to oppose the withdrawal motion.  Travelers may now need to defend that case on its own behalf.

45.     Cohen Seglias, who is also tender counsel for Travelers, has also filed withdrawal motions in the Telco and Colonial cases.

46.     Travelers was given no prior notice of these withdrawal motions, even though Perrotto's counsel is also tender counsel to Travelers in both the Telco and the Colonial cases.

47.     No replacement counsel have been identified in the Telco and Colonial cases, despite Travelers' request for such information.

48.     Travelers has had to engage its own counsel to oppose these motions and may need to engage counsel to defend the Telco and Colonial cases.

49.     Pursuant to the GAI, Travelers shall have the right to free access to the books, records, and accounts of the Defendants for the purposes of examining same. Paragraph 10 of the GAI provides in pertinent part:

> Indemnitors shall furnish upon demand, and Company shall have the right of free access to, at reasonable times, the records of Indemnitors including, but not limited to, books, papers, records, documents, contract, reports, financial information, accounts and electronically stored information, for the purpose of examining and copying them. Indemnitors expressly authorize Company to access

9

8457102v.3

their credit records, including, but not limited to, account numbers and/or account balances from financial institutions.

50. On April 2, 2025, Travelers demanded a books and records review via letter. A copy of this letter is attached hereto as Exhibit B.

51. On April 21, 2025, Travelers demanded indemnification and reasserted its demand for a books and record review from Indemnitors via a Microsoft Teams meeting with Personal Indemnitor James Radwanski and counsel for Indemnitors.

52. On April 25, 2025, Travelers sent a follow-up letter to Indemnitors demanding indemnification in the amount of $150,132.60 (the then existing amount of loss Travelers had incurred). A copy of this letter is attached hereto as Exhibit C.

53. Via letter dated May 27, 2025, Travelers re-asserted its prior demands of indemnification in the amount of $150,132.60 and a books and records review, and also asserting a demand for Defendants to collateralize Travelers for the then open bond claims. A copy of this letter is attached hereto as Exhibit D.

54. On June 25, 2025, Travelers again asserted its prior demands of indemnification in the amount of $150,132.60, collateralization, and a books and records review via letter to Indemnitors. A copy of this letter is attached hereto as Exhibit E.

55. On July 21, 2025, Travelers reasserted its collateralization demand, which it also increased the amount of to reflect a newly filed complaint. That correspondence is attached hereto as Exhibit F.

56. To date, Indemnitors have failed to indemnify Travelers in the amount of $150,132.60, which amount has grown as Travelers has had to expend further costs dealing with claims made.

8457102v.3

57.     The indemnity amount has grown and is expected to further increase over time as the Claims are investigated, evaluated, defended, and resolved.

58.     To date, Indemnitors have failed and refused to collateralize Travelers.

59.     To date, Indemnitors have failed and refused to grant free access to the requested books, records, and accounts.

**COUNT I**
**SPECIFIC PERFORMANCE/COLLATERALIZATION**
**Travelers v. All Defendants**

60.     Travelers incorporates by reference the foregoing paragraphs as if fully set forth herein.

61.     Pursuant to the GAI, Travelers has the right to hold, and Indemnitors have the obligation to furnish, collateral funds the amount of which Travelers deems necessary or appropriate to establish.

62.     Travelers has requested collateral in the amount of current, open Claims.

63.     Indemnitors have not posted the requested collateral.

64.     In the GAI, Indemnitors have acknowledged that Travelers has no adequate remedy at law. Ex. A, GAI at ¶ 5 ("Indemnitors agree that Company would suffer irreparable damage and would not have an adequate remedy at law if Indemnitors fail to comply with the provisions of this paragraph").

WHEREFORE, Travelers demands judgment against each Indemnitor—including Personal Indemnitors, to the extent to which they are liable under the GAI—for specific performance with their contractual obligations, including:

(a)     Requiring Personal Indemnitors to deposit with Travelers an amount not less than $65,435.01;

11

8457102v.3

(b)    Requiring Corporate Indemnitors to deposit with Travelers an amount not less than $1,227,210.27;

(c)    Awarding Travelers such other and further relief as the Court deems just, equitable and proper;

(d)    Awarding attorneys' fees, costs of suit, and any other relief that the Court deems just and proper.

## COUNT II
## SPECIFIC PERFORMANCE/BOOKS AND RECORDS
### Travelers v. All Defendants

65.    Travelers incorporates by reference the foregoing paragraphs as if fully set forth herein.

66.    Pursuant to the GAI, Travelers shall have the right of free access to books and records of Indemnitors.

67.    Without access to Indemnitors' books, records, and other documents, Travelers will be unable to, among other things, determine the most effective means of otherwise minimizing its potential losses, defending claims, and pursuing its rights against Indemnitors.

68.    Travelers requested a review of Indemnitors' books and records.

69.    Indemnitors have not allowed Travelers access to their books and records.

70.    By reason of the foregoing, Travelers has suffered and will continue to suffer irreparable injury and damage for which there is no adequate remedy at law.

WHEREFORE, Travelers demands judgment against each Indemnitor, jointly and severally, for specific performance as follows:

(a)    Specifically enforcing the GAI by enjoining, ordering, and directing Indemnitors, and each of them, and their officers, agents, employees, attorneys, and other persons acting on their behalf, immediately to provide to Travelers access to the books, records, and account of Contractor and Indemnitors;

12

8457102v.3

(b)    Awarding costs of suit, attorney's fees, and such other relief as may be just and equitable

### COUNT III
### CONTRACTUAL INDEMNIFICATION
### Travelers v. Corporate Indemnitors

71.    Travelers incorporates by reference the foregoing paragraphs as if fully set forth herein.

72.    As a result of the Bonds furnished by Travelers at the request of Indemnitors, Travelers has had to pay claims and expend resources, including attorney's fees, which are recognized losses under the GAI.

73.    As a result of the Bonds furnished by Travelers to Perrotto and/or its affiliates, Travelers may experience additional losses in the form of costs, fees, and expenditures to investigate claims against the Bonds as well to resolve claims against the Bonds.

74.    Each Indemnitor is obligated under the GAI to indemnify Travelers for all losses, costs and expenses of whatever kind including interest, court costs, and counsel fees.

75.    Corporate Indemnitors are in breach of the GAI by, inter alia, failing to indemnify Travelers from the losses, costs, and expenses it has incurred and sustained as a result of and/or in connection with furnishing the Bonds. (The losses to date do not pertain to the Bonds which Personal Indemnitors agreed to indemnify.)

WHEREFORE, Travelers demands judgment against each Corporate Indemnitor, jointly and severally, in the amount of all losses sustained, currently calculated at no less than $189,148.60, plus attorney's fees, interest, costs, and such other relief as this Court deems just and proper.

8457102v.3

## COUNT IV
## COMMON LAW INDEMNIFICATION
### Travelers v. Perrotto Builders, Ltd.

76. Travelers incorporates by reference the foregoing paragraphs as if fully set forth herein, and pleads this count in the alternative, to the extent necessary.

77. As between Travelers and Perrotto, Travelers is secondarily and derivatively obligated under the Bonds, while Perrotto is primarily and directly obligated to the Bond claimants.

78. Accordingly, Perrotto should be required to pay any claims made on the Bonds and/or to reimburse Travelers for the payment of such claims and costs associated therewith.

79. Based on the foregoing, Perrotto should be required to reimburse Travelers for payment of any claims made against the Bonds issued by Travelers on behalf of Perrotto.

WHEREFORE, Travelers demands judgment against Perrotto as follows:

(a) Awarding monetary damages for all losses, currently calculated in the amount of no less than $189,148.60, plus attorney's fees, interest, costs, and such other relief as this Court deems just and proper;

(b) Awarding Travelers such other and further relief as the court deems just, equitable, and proper.

Respectfully submitted,

_____/s/ David R. Scott_____
Patrick R. Kingsley, Esquire
David R. Scott, Esquire
John P. Carty, Esquire
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
(215) 564-8000
(215) 564-8120 (fax)
pkingsley@stradley.com;
dscott@stradley.com;
jcarty@stradley.com

Dated: April __, 2026

14

8457102v.3

*Attorneys for Plaintiff, Travelers Casualty and Surety Company of America*

15

8457102v.3